UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-CV-22982-WILLIAMS/REID

SERIES 15-09-321, a Delaware entity,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____

**REPORT AND RECOMMENDATION ON
MOTION TO DISMISS THE AMENDED COMPLAINT AND
MOTION TO FILE AMENDED COMPLAINT BY INTERLINEATION**

This matter is before the Court upon Defendant State Farm Mutual Automobile Insurance Company's ("Defendant" or "State Farm") Motion to Dismiss the Amended Complaint (the "Motion") [ECF No. 61] and Plaintiff Series 15-09-321's ("Plaintiff") Motion for Leave to File an Amended Complaint by Interlineation [ECF No. 112]. The Honorable Kathleen M. Williams referred these matters to the undersigned. [ECF Nos. 5, 61]. After careful consideration of the Motion to Dismiss, Plaintiff's Opposition [ECF No. 65], Defendant's Reply [ECF No. 66], Defendant's Notices of Supplemental Authority and Plaintiff's Response [ECF Nos. 68, 98, 108, and 110], the record, and the relevant legal authorities, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [ECF No. 61] and Plaintiff's Motion to for Leave to File an Amended Complaint [ECF No. 112] be **GRANTED**.

**BACKGROUND**

This lawsuit is one of dozens filed in courts across the country arising from the Medicare Secondary Payer Act (the "MSP Act"). 42 U.S.C. § 1395y(b)(1). Through the MSP Act, Congress

mandated that insurers, such as State Farm, would become *primary payers* and Medicare would provide a safety net for its beneficiaries. [ECF No. 58 ¶ 3]. Congress later enacted Medicare Part C, which ensures Medicare Advantage Organizations ("MAOs"), like Medicare, "would be deemed the *secondary payer* when the Medicare beneficiaries' medical expenses are covered concurrently by other insurance policies." [*Id.* ¶ 4 (citing 42 U.S.C. § 1395w-22(a)(4))]. Thus, when Medicare or an MAO make a payment that a primary payer was responsible for, the payment is made conditional. [*Id.* ¶ 5 (citing 42 C.F.R. § 411.21)]. The MSP Act provides a private cause of action for private entities to recover these conditional payments when insurers fail to reimburse Medicare and MAOs. [*Id.* ¶ 6; *See* 42 U.S.C. § 1395y(b)(2)(b)(iii)) and (b)(3)(A)]. The statute allows secondary payers to collect double damages. [42 U.S.C. § (b)(3)(A)].

Plaintiff Series 15-09-321 is a Delaware LLC and assignee of the MAO Assignor's rights to recovery, pursuant to a December 23, 2021, Assignment Agreement. [*Id.* ¶¶ 12, 73, 78]. Defendant State Farm is an insurer that provides liability and no-fault policies. [*Id.* ¶ 13]. Plaintiff alleges that State Farm, has (1) done little to coordinate with—or reimburse—MAOs who have made conditional payments, and (2) failed to report to Medicare its status as a primary payer and other information pursuant to Section 111 of the Medicare Act, Medicaid, and SCHIP Extension Act of 2007, PL 110-173. [*Id.* ¶¶ 8–9]. These actions formed the basis for instant lawsuit, which seeks reimbursement of conditional payments for settlement claims and first party claims under the MSP Act (Counts I and II); alleges Breach of Contract (Count III) and Fraudulent Concealment (Count IV); and seeks declaratory relief pursuant to 28 U.S.C. § 2201 (Count V). [*See generally* Amended Complaint, ECF No. 58].

This action has been pending since August 8, 2023. [ECF No. 1]. Plaintiff was granted leave to amend its Complaint on January 22, 2024, and Plaintiff filed its Amended Complaint

thereafter. [ECF Nos. 57, 58]. Pursuant to the agreement between Plaintiff and assignor, Plaintiff was assigned 298 claims. [ECF No. 58]. Eight are described in the body of the Amended Complaint. [*Id.*]. 290 are described in Exhibit A. [ECF No. 58-1]. Among a string of discovery disputes, the instant Motion to Dismiss and Motion for Leave to Amend by Interlineation were filed. [ECF Nos. 61, 112].

## **LEGAL STANDARD**

A challenge to a plaintiff's standing to bring a lawsuit is analyzed under Federal Rule 12(b)(1). *MSP Recovery Claims, Series LLC v. Amerisure Ins. Co.*, No. 20-24077-Civ, 2021 WL 358670, at *1 (S.D. Fla. Feb. 1, 2021). As standing is jurisdictional, it has the same effect as a dismissal for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1). *Id.* (discussing *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1244, 1251 (11th Cir. 2008)). A motion to dismiss pursuant to Rule 12(b)(1) may be based on either a facial or factual attack to the complaint. *Id.* A facial attack asks whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction whereas a factual attack requires the Court to consider matters outside the pleadings such as testimony and affidavits. *Id.*

In order to prove standing, a plaintiff must allege he has suffered (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish an injury in fact, a plaintiff must show that he suffered an invasion of a legally protected interest that is concrete and particularized and actual and imminent, not conjectural or hypothetical. *Id.* at 1548. For the injury to be concrete, it must be real and not abstract. *Id.* at 1548–49. For an injury to be particularized, it must impact the plaintiff in a personal and individual way. *Id.* at 1548.

"[T]he assignee of a claim has standing to assert [an] injury in fact suffered by the assignor." *MSPA Claims 1, LLC v. Tenet Florida, Inc.*, 918 F.3d 1312, 1317 (11th Cir. 2019) (quoting *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 286 (2008)). Under the MSP Act, an assignee has standing to sue if "(1) it's ultimate assignor suffered an injury-in-fact, and (2) the assignor's claim arising from that injury was validly assigned." *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1217 (11th Cir. 2020).

## **ANALYSIS**

Defendant presents a facial challenge to the Amended Complaint. To survive this facial challenge to standing, the Amended Complaint must include "general factual allegations of injury resulting from the defendant's conduct." *Florida Pub. Interest Research Grp. Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1083 (11th Cir. 2004) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). When considering a facial challenge to standing, the Court must accept as true the factual allegations of the complaint. *Florida Pub. Interest Research Grp. Citizen Lobby, Inc.*, 386 F.3d at 1083 (citing *Lujan*, 504 U.S. at 561). The Court does not, however, accept legal conclusions. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *See also Young Apartments v. Town of Jupiter*, 529 F.3d 1027, 1038 (11th Cir. 2008) (standing is established with "general factual allegations of injury.").

As an initial matter, the Court must determine whether it lacks subject matter jurisdiction before reaching other arguments made in Defendant's Motion. Plaintiff alleges it has "the legal right to pursue its MSP Act claim pursuant to a valid assignment agreement." [ECF No. 58 at 27]. "It is axiomatic that a binding and enforceable contract requires 'mutual assent to certain and definite contractual terms. Without a meeting of the minds on all essential terms, no enforceable contract arises.'" *Fridman v. 1-800 Contacts, Inc.*, 554 F. Supp. 3d 1252, 1258 (S.D. Fla. 2021)

4

(quoting *Matter of T&B Gen. Contracting, Inc.*, 833 F.2d 1455, 1459 (11th Cir. 1987)); 6A Charles Alan Wright et al., Federal Practice & Procedure § 1545 (3d ed. 2023) (the court must "assure itself that a valid assignment has been made" before obtaining jurisdiction over claims allegedly assigned to a party).

Few details are provided regarding the assignment agreement. It was entered into on December 23, 2021, following an exchange of consideration, and "irrevocably assigns, transfers, conveys, sets over and delivers to Assignee any and all of its Assignor's right, title, ownership, and interest in Medicare Advantage A, B and C payments owed by Responsible Parties pursuant to the MSPA. . . ." [*Id*. at 28–29]. The clause also sets out the causes of action that may be brought on behalf of the assignor. [*Id*. at 29]. In a footnote, Plaintiff states that, "[s]hould the Court deem it necessary Plaintiff will disclose its MAO Assignor's identity, but would request that the identity be disclosed under seal." [*Id*. n. 11].

These assertions are insufficient, and are, at best, legal conclusions. *FW/PBS, Inc.*, 493 U.S. at 231 ("standing cannot be inferred argumentatively from averments in the pleadings" but rather it is the plaintiff's burden "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.") (internal quotations and citations omitted). Plaintiff certainly pled *some* essential terms of the purported agreement, including the date it was entered into and the rights that were assigned. But the identity of the assignor—a party to the assignment agreement who allegedly transferred reimbursement rights to Plaintiff—is missing from the Amended Complaint. *See Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (holding that to prove the existence of a contract, a plaintiff must plead, among other things, "sufficient specification of the essential terms."). As in other MSP Act cases, the Amended Complaint states that the identity of the assignor is to remain confidential pursuant to a separate

data service agreement with Plaintiff's MAO assignor, and also states that "[t]he assignor of the assigned claims is one large MA Plan that assigned all of its claims to Plaintiff." [ECF No. 58 at 29; n. 27]. While Plaintiff previously sought leave to file over 1,700 pages in exhibits to its complaint under seal, those exhibits are not part of its Amended Complaint and comprise only of "documents containing the names, addresses, medical conditions, medical treatments, and other personal identifying information of over one-thousand Medicare beneficiaries enrolled in a plan offered by Plaintiff's Assignor." [ECF No. 55 at 1]. Surprisingly, to date, Plaintiff has not moved to file the assignment agreement under seal or provided the name of the assignor other than one (likely inadvertent) instance during a discovery hearing, which has since been sealed from the record. "The name of the assignor is an essential term of the alleged assignment agreement, and [Plaintiff] failed to plead it." *MSP Recovery Claims, Series LLC v. Am. Family Connect Prop. & Cas. Ins. Co.*, 23-20132-CIV, 2023 WL 3276792, at *2 (S.D. Fla. May 5, 2023); *Series 15-09-321 v. Liberty Mut. Ins. Co.*, 23-CV-12382-RGS, 2024 WL 869447, at *3 (D. Mass. Feb. 29, 2024) ("At the pleading stage, . . . MSP [is required] to plead sufficient facts that a valid contract existed by pleading the essential terms of the contract" and, because it failed to identify the other party to the assignment agreement "MSP . . . failed to allege the existence of a valid contract.").

Further, because no assignment agreement is provided, the Court cannot determine which of the eight claims (identified in the Amended Complaint as K.H., M.C., R.P., J.S., P.K., R.H., C.W., and N.G.) as well as the 290 items listed in Exhibit A, were actually assigned to Plaintiff in the agreement. [ECF Nos. 58 ¶¶ 89–97; 58-1]. *See MSP Recovery Claims, Series LLC v. Endurance Am. Ins. Co.*, 20-23219-CIV, 2021 WL 706225, at *3 (S.D. Fla. Feb. 23, 2021) ("While the complaint broadly alleges that Avmed, Inc. assigned certain rights . . ., the Plaintiff has provided no *factual* assertions to the Court to show that A.A.'s claim was part of the assignment

between Avmed, Inc. and the Plaintiff."). The Amended Complaint states that it "seeks recovery only for claims Plaintiff's MAO Assignor has assigned to Plaintiff through its Designated Series (15-09-321)" and that "[a]ll claims at issue in this Amended Complaint, and all claims data currently in Plaintiff's possession, were assigned to Plaintiff through the 2021 Assignment Agreement." [ECF No. 58 at 29]. This is, again, insufficient. *See MSP Recovery Claims, Series LLC v. Am. Family Connect Prop. & Cas. Ins. Co.*, 2023 WL 3276792 at *2 (finding same).

Despite the plethora of district court case law dismissing MSP Act actions for lack of standing regarding similar assignment agreements, Plaintiff failed to attach—or affirmatively sought leave to file—the assignment agreement under seal. *See MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharms., Inc.*, 281 F. Supp. 3d 1278, 1283 (S.D. Fla. 2017) (finding that the plaintiff failed to plead essential terms of the alleged assignment agreement, including the identity of the alleged assignor, and therefore failed to plead sufficient facts to establish standing); *MSP Recovery Claims, Series LLC*, 2023 WL 3276792, at *2 (granting defendant's motion to dismiss the complaint and highlighting that "MSP Recovery does not allege several details of the alleged assignment [including] . . . the identity of the MAO whose reimbursement rights it claims to own or the essential terms of the assignment."); *MAO-MSO Recovery II, LLC v. USAA Cas. Insurance Co.*, 17-20946-CIV, 2018 WL 295527, at *3 (S.D. Fla. Jan. 3, 2018) (collecting—and agreeing with—seven cases in this district that found that plaintiffs "were not validly assigned the right to assert an MAOs claims, and consequently dismissed the complaint for lack of standing."); *MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.*, 17-02522-CIV, 2017 WL 5634097, at *7 (C.D. Cal. Nov. 20, 2017) ("Plaintiffs fail to allege the identity of the MAOs whose reimbursement rights they claim to own, the dates of the assignments, or the essential terms."); *MAO-MSO Recovery II, LLC v. Mercury Gen.*, 17-2557-CIV, 2017 WL 5086293, at *4 (C.D. Cal. Nov. 2, 2017) ("The

Court is not obliged to accept as true Plaintiffs' legal conclusions that the assignments exist and are valid; Plaintiffs must allege facts sufficient to support these contentions, such as the identity of the MAOs whose reimbursement rights they claim to own, the assignment[] [dates], and the essential terms.").

Plaintiff cites to a string of cases in support of its argument that attaching the assignment agreement to the operative complaint is not necessary to establish standing. *See MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.*, 974 F.3d 1305, 1320 (11th Cir. 2020) ("At the pleading stage, we accept as true MSPRC's allegation that it has the right to bring claims under the proffered contracts."); *MSP Recovery Claims, Series LLC v. Amerisure Ins. Co.*, 17-23961-CIV, 2021 WL 1711684, at *6 (S.D. Fla. Apr. 15, 2021) ("At this stage, the Court determines the assignment-related allegations and supporting document excerpts are adequate."); *MSP Recovery Claims, Series LLC v. United Services Auto. Ass'n*, 20-CV-21530, 2021 WL 861314, at *4 (S.D. Fla. Mar. 8, 2021) ("Despite Defendants' arguments to the contrary, at this stage of the litigation, Plaintiffs are not required to plead its [subrogation] claim (and attach all contracts) with the level of particularity demanded by Defendant[s].") (internal quotation marks omitted)). As Defendant correctly points out, however, these cases are inapposite because the identity of the assignors were identified in these cases' respective pleadings. [ECF No. 66 at 3–4].

"A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, 212 F. Supp. 3d 1250, 1255–56 (S.D. Fla. 2016) (quoting *Stalley ex rel. U.S.*, 524 F.3d at 1232). The undersigned therefore recommends that the Amended Complaint be dismissed without prejudice and that the

district judge grant Plaintiff leave to amend its complaint to include the identity of the assignor and, more importantly, attach the assignment agreement.[1]

Finally, based on the undersigned's recommendation to grant Plaintiff leave to amend the complaint, Plaintiff's Motion for Leave to Amend the Operative Complaint by Interlineation [ECF No. 112], which seeks to make a minor amendment to one paragraph of the complaint, should also be granted. "Subject to the discretion of the court, and in the absence of a statute or rule of court providing otherwise, amendment by interlineation is considered permissible, particularly in the case of an amendment of a trivial or formal nature." *Woodburn v. Fla. Dep't of Children & Family Servs.*, 854 F. Supp. 2d 1184, 1210 (S.D. Fla. 2011) (quoting 71 C.J.S. Pleading § 437 (2011)).

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion to Dismiss [ECF No. 61] and Plaintiff's Motion for Leave to Amend [ECF No. 112] be **GRANTED** without prejudice to file a Second Amended Complaint by the deadline set by Judge Williams.

Objections to this Report may be filed with the District Judge within **TEN** (10) ten days[2] of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

---

[1] Because the undersigned is recommending granting the Motion to Dismiss for lack of subject matter jurisdiction, the Court declines to discuss the remainder of Defendant's arguments in its Motion. Most, if not all, of Defendant's arguments regarding Plaintiff's standing to bring the instant action should be addressed upon the filing of the assignment agreement.

[2] Due to the pending discovery disputes in this matter (which will be affected by the entry of an order granting the Motion to Dismiss without prejudice) and the undersigned's recommendation that a Second Amended Complaint be filed, a shortened objection period is warranted.

conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 13th day of August 2024.

*[signature]*

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **U.S. District Judge Kathleen M. Williams; and**

**All Counsel of Record**