UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-CV-22982-WILLIAMS/REID

SERIES 15-09-321, a Delaware entity,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____

**REPORT AND RECOMMENDATION ON
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

This matter is before the Court upon Defendant State Farm Mutual Automobile Insurance Company's ("Defendant" or "State Farm") Motion to Dismiss the Second Amended Complaint ("SAC") at ECF No. 127 (the "Motion") [ECF No. 130] The Honorable Kathleen M. Williams referred this matter to the undersigned. [ECF Nos. 132]. After hearing argument at the December 17, 2024 sealed hearing on the Motion and having carefully considered the Motion to Dismiss, Plaintiff's Opposition [ECF No. 135], Defendant's Reply [ECF No. 136], and the relevant legal authorities, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [ECF No. 130] be **GRANTED in part and DENIED in part**.[1]

**BACKGROUND**

"Once you cut through the acrimonious history between the parties, and the intricate regulatory backdrop, this case boils down to one insurer's alleged failure to reimburse another." *MSP Recovery Claims, Series 44, LLC v. Zurich Am. Ins. Co.*, No. 22-CV-5054, 2023 WL

---

[1] This is Defendant's third Motion to Dismiss. [*See* ECF Nos. 29, 61, 130].

5227396, at *1 (N.D. Ill. Aug. 15, 2023). This lawsuit is one of dozens filed in courts across the country arising from the Medicare Secondary Payer Act (the "MSP Act"). 42 U.S.C. § 1395y(b)(1). Through the MSP Act, Congress mandated that insurers, such as Defendant State Farm, would become *primary payers* and Medicare would provide a safety net for its beneficiaries. [ECF No. 127 ¶ 3]. Congress later enacted Medicare Part C, which ensures Medicare Advantage Organizations ("MAOs"), like Medicare, "would be deemed the *secondary payer* when the Medicare beneficiaries' medical expenses are covered concurrently by other insurance policies." [*Id.* ¶ 4 (citing 42 U.S.C. § 1395w-22(a)(4))]. Thus, when Medicare or an MAO make a payment that a primary payer was responsible for, the payment is made conditional. [*Id.* ¶ 5 (citing 42 C.F.R. § 411.21)]. The MSP Act provides a private cause of action for private entities to recover these conditional payments when insurers fail to reimburse Medicare and MAOs. [*Id.* ¶ 6; *See* 42 U.S.C. § 1395y(b)(2)(b)(iii)) and (b)(3)(A)]. The statute allows secondary payers to collect double damages. [42 U.S.C. § (b)(3)(A)].

Plaintiff Series 15-09-321 is a Delaware LLC and assignee of the MAO Assignor's rights to recovery, pursuant to a December 23, 2021, Assignment Agreement. [*Id.* ¶¶ 12, 73, 78]. Defendant State Farm is an insurer that provides liability and no-fault policies. [*Id.* ¶ 14]. Plaintiff alleges that Defendant has (1) done little to coordinate with—or reimburse—MAOs who have made conditional payments, and (2) failed to report to Medicare its status as a primary payer and other information pursuant to Section 111 of the Medicare Act, Medicaid, and SCHIP Extension Act of 2007, PL 110-173. [*Id.* ¶¶ 9–10]. These actions formed the basis for the instant lawsuit.

Counts I and II of the SAC allege a private cause of action under 42 U.S.C. § 1395y(b)(3)(A) for settlement claims and for first-party claims, respectively. [ECF No. 127 ¶¶ 123–146]. Count III alleges breach of contract for failure to pay benefits for the contractual claims.

2

[*Id.* at ¶¶ 147–155]. Count IV alleged fraudulent concealment. [*Id.* ¶¶ 156–166]. Count V request declaratory relief (pursuant to 28 U.S.C. § 2201) that (1) State Farm must determine whether its insureds are covered by the MAO Assignor and must coordinate benefits with the MAO; (2) State Farm must alert the MAO Assignor of its primary payer obligations; (3) the MAO Assignor is not obligated to submit a demand for reimbursement on a properly completed 1500 Claim Form, UB 92 Form, or any other standard form under any relevant no-fault statute; and (4) Secondary Payers are not obligated to comply with the strict requirements of any applicable no-fault statute. [*Id.* ¶¶ 167–176].

This action has been pending since August 8, 2023. [ECF No. 1]. Pursuant to the agreement between Plaintiff and Assignor, Plaintiff contends it was assigned 297 cases. [ECF No. 127 ¶ 58; ECF No. 127-1]. Eight are described in the body of the SAC. [ECF No. 127 ¶¶ 90–8]. The remaining 289 are described in Exhibit A. [ECF No. 127-1].

The undersigned previously recommended that the district judge grant the Motion to Dismiss for lack of standing. [ECF No. 115]. Plaintiff has since amended its complaint and filed its Assignment Agreement under seal.

## LEGAL STANDARD

### I. Standing

A challenge to a plaintiff's standing to bring a lawsuit is analyzed under Federal Rule 12(b)(1). *MSP Recovery Claims, Series LLC v. Amerisure Ins. Co.*, No. 20-24077-Civ, 2021 WL 358670, at *1 (S.D. Fla. Feb. 1, 2021). As standing is jurisdictional, it has the same effect as a dismissal for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1). *Id.* (discussing *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1244, 1251 (11th Cir. 2008)). A motion to dismiss pursuant to Rule 12(b)(1) may be based on either a facial or

3

factual attack to the complaint. *Id.* A facial attack asks whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction whereas a factual attack requires the Court to consider matters outside the pleadings such as testimony and affidavits. *Id.*

In order to prove standing, a plaintiff must allege he has suffered (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish an injury in fact, a plaintiff must show that he suffered an invasion of a legally protected interest that is concrete and particularized and actual and imminent, not conjectural or hypothetical. *Id.* at 1548. For the injury to be concrete, it must be real and not abstract. *Id.* at 1548–49. For an injury to be particularized, it must impact the plaintiff in a personal and individual way. *Id.* at 1548.

"[T]he assignee of a claim has standing to assert [an] injury in fact suffered by the assignor." *MSPA Claims 1, LLC v. Tenet Florida, Inc.*, 918 F.3d 1312, 1317 (11th Cir. 2019) (quoting *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 286 (2008)). Under the MSP Act, an assignee has standing to sue if "(1) it's ultimate assignor suffered an injury-in-fact, and (2) the assignor's claim arising from that injury was validly assigned." *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1217 (11th Cir. 2020).

## II. Failure to State a Claim

A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 . . . does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court assumes the truth of "well-pleaded factual allegations" and "reasonable inference[s]" therefrom. *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Ashcroft*, 566 U.S. at 678–79). A court ruling on a motion to dismiss must accept the factual allegations as true, "even if they are subject to dispute." *Devengoechea v. Bolivarian Republic of Venezuela*, 889 F.3d 1213, 1220 (11th Cir. 2018) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## ANALYSIS

### I. Plaintiff has Standing to Allege Counts I–III

Plaintiff's First and Second Causes of Action seek recovery of unreimbursed conditional payments for settlement claims and first-party claims, respectively, under 42 U.S.C. § 1395y(b)(3)(A). [ECF No. 127 ¶¶123–146]. Plaintiff's Third Cause of Action seeks recovery for breach of contract based upon the allegation that the Assignor "is subrogated to the right to recover

from State Farm, in all instances in which State Farm is a primary plan, for State Farm's failure to make primary payment or reimbursement to the MAO Assignor for accident-related medical expenses." [*Id.* ¶ 150].

Defendant argues that the SAC fails to show that the Assignment conveyed collection rights to the alleged eight exemplar claims, or the 289 items listed in Exhibit A. [ECF No. 130 at 10]. Defendant also challenges Plaintiff's assertion that any claims set forth in the SAC "are not subject to any carveout, exclusion, or any other limitation . . . that would impair Plaintiff's right to bring the claim asserted in this case.. . ." [ECF No. 127 ¶ 78]. The Assignment Agreement has now been filed under seal. [ECF No. 129-1]. Now, upon a review of the SAC, the Assignment Agreement, and after hearing argument from counsel at the December 17, 2024, sealed hearing on the Motion to Dismiss, the undersigned finds that Plaintiff has adequately alleged that Assignor has standing to pursue Counts I–III. First, the assignment agreement "irrevocably assigns . . . any and all of Assignor's right, title, ownership, and interest in Medicare Advantage Parts A, B and C payments owed by Responsible Parties pursuant to the MSPA, by and through . . . (1) actions stemming from the MSPA [and] (2) breach of contract." [ECF No. 130 at 11]. Second, Plaintiff asserts that the SAC "seeks recovery only for claims Plaintiff's MAO Assignor has assigned to Plaintiff through its Designated Series (15-09-321)" and "[a]ll claims at issue in this Amended Complaint, and all claims data currently in Plaintiff's possession, were assigned to Plaintiff through the 2021 Assignment Agreement." [ECF No. 127 ¶ 79]. These standing allegations apply to all 297 claims and are sufficient to allege standing. *See MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*, No. 20-20887-CIV, 2021 WL 720339, at *2 (S.D. Fla. Feb. 4, 2021) (finding that similar allegations sufficiently demonstrated standing for exemplars); *MSP Recovery Claims, Series LLC v. Am. Family Connect Prop. & Cas. Ins. Co.*, No. 23-CV-20105, 2023 WL 2536444,

at *2 (S.D. Fla. Mar. 16, 2023) (finding same); *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, No. 19-21583-Civ, 2020 WL 5984382, at *5 (S.D. Fla. May 12, 2020), *report and recommendation adopted*, 2020 WL 5982020 (S.D. Fla. Oct. 8, 2020) (finding same in a class action lawsuit).

Further, the SAC goes on to state that any assigned claims "expressly exclude claims where the MAO Assignor already recovered on the claim or is currently pursuing the claim." [ECF No. 127 ¶ 76]. According to Defendant, Plaintiff's allegations are conclusory and have been rejected by other courts. *See, e.g.*, *MSP Recovery Claims, Series LLC v. New York Cent. Mut. Fire Ins. Co.*, No. 6-19-CV-00211, 2019 WL 4222654, at *5 (N.D.N.Y. Sept. 5, 2019) (ambiguity as to which claims were assigned or excluded "is fatal to Plaintiffs' claim that they have standing."); *MSP Recovery Claims, Series, LLC v. Zurich Am. Ins. Co.*, No. 18-CV -7849, 2019 WL 6893007, at *2 (N.D. Ill. Dec. 18, 2019) (dismissing where "[t]he assignment documents contain no list of which claims were assigned to it and which were excluded" and failing to acknowledge the exclusion.).

Plaintiff relies on two cases in support: *MSP Recovery Claims, Series LLC v. AIG Prop. Cas. Co.*, No. 20-cv-2102, 2021 WL 1164091, at *9 (S.D.N.Y. Mar. 26, 2021) and *MSP Recovery Claims, Series LLC v. Merchants Mut. Ins. Co.*, No. 19-cv-524, 2020 WL 8675835, at *11 (W.D.N.Y. Nov. 20, 2020), *report and recommendation adopted*, No. 19-cv-524, 2021 WL 784537 (W.D.N.Y. Mar. 1, 2021). In *AIG Prop. Cas. Co.*, the court considered a declaration submitted by a "data analyst" setting forth the steps taken to review a list of claims excluded from the assignment. 2021 WL 1164091, at *5. It characterized allegations that the exemplar claims "are not subject to any carveouts, exclusions, or any other limitations in law or equity that would impair Plaintiff's right to bring this cause of action" as conclusory but ultimately decided to draw reasonable inferences in plaintiff's favor. *Id.* at *9. In *Merchants Mut. Ins. Co.*, the court evaluated

7

standing upon the submission of a declaration from the assignor's general counsel and affidavits from plaintiff's corporate representative and a health care data analyst. 2020 WL 8675835, at *3. One affidavit, for example, established that no other person or entity has the legal right to pursue the assigned claims. *Id.* The court found that these submissions established that the exemplar claims were not excluded from the assigned claims. *Id.* at *11.

While the undersigned does not have the benefit of declarations and affidavits in support of Plaintiff's allegation regarding these carveouts and exclusions, Plaintiff's allegations are sufficient to meet the standing requirement. The SAC states that the Assignor "transferred data files to Plaintiff indicating those claims where it already had recovered money and those claims where the MAO Assignor is still pursuing recoveries" and Plaintiff thereafter "reviewed that list prior to filing this case and conferred with the Assignor, in an abundance of caution, to confirm that the Assignor (1) never recovered money for the examples set forth below and (2) is not pursuing recoveries for the examples [provided in the SAC]." [ECF No. 127 ¶ 77]. At the motion to dismiss stage, Plaintiff has set forth sufficient allegations to avoid dismissal as to the eight exemplar claims and the 289 claims attached to Exhibit A.[2]

## II.   Plaintiff Lacks Standing to Allege Counts IV and V

Defendant claims that the SAC fails to show how the assignment transferred rights to sue for alleged fraud (Count IV), an accounting (Count V), or a compelled exchange of claims data (Count V). [ECF No. 130 at 10]. The Assignment clause states:

> Assignor irrevocably assigns, transfers, conveys, sets over and delivers to Assignee any and all of Assignor's right, title, ownership, and interest in Medicare Advantage Parts A, B and C payments owed by Responsible Parties pursuant to the MSPA, by and through the following causes of action: (1) actions stemming from the MSPA, (2) breach of contract; (3) pure bills of discovery or equivalent; (4) depositions or

---

[2] This conclusion does not apply to any unpled "potentially unreimbursed claims" identified in the SAC. [ECF No. 127 ¶ 58].

> discovery before action as set forth by Federal Rule of Civil Procedure 27; (5) subrogation; (6) declaratory action; and (7) unjust enrichment, whether known or unknown, or arising in the future (the "Claims"), provided however, that the foregoing assignment does not include: (a) the right to pursue recoveries in respect of the Claims except as mutually agreed; (b) any Claims Data; or (c) except as provided in Section 4.7 of this Agreement, the right to further assign any Claims.

[*Id.* at 11].

Plaintiff argues that the fraudulent concealment count arises from Defendant's obligations under the MSPA, pursuant to the clause's assignment of "any and all" rights to claims "*stemming from the MSPA.*" [ECF No. 135 at 6 (emphasis added)]. Plaintiff further contends that the assignment confers a right to bring an action for declaratory relief, "from which MSP seeks an accounting and exchange of claims data." [*Id.*]. Finally, the counts discussing data-sharing are "equivalent" to pure bills of discovery, per the clause's reference to "pure bills of discovery or *equivalent.*" [*Id.* (emphasis added)].

Defendant is correct. The SAC—as well as the attached Assignment Agreement—fail to allege that the Plaintiff was assigned a right to bring an action under fraud or any alleged disclosure requirements. The assignment is clearly limited to seven causes of action related to "Medicare Advantage Parts A, B and C *payments owed* by Responsible Parties pursuant to the MSPA.. . ." [ECF No. 130 at 11 (emphasis added)]. At the December 17, 2024, hearing, Plaintiff argued that because "MSPA" (as referred to in the Assignment clause and as defined by Assignment Agreement) encompasses rights arising under the Medicare Secondary Payer *Laws*, not merely those that may be brought as an MSP private cause of action, Plaintiff has standing to allege Counts IV and V. The Court is unconvinced. Plaintiff provides no support for its assertion that fraud claims may "stem" from an MSPA action or how the declaratory relief assignment encompasses an

9

accounting, exchange of claims data, and the coordination of benefits process MSP demands.[3] While the MSP private cause of action "is [a] broadly worded provision that enables a plaintiff to vindicate harm caused by a primary plan's failure to meet its MSP primary payment or reimbursement obligations[,]" Plaintiff may only bring claims it was assigned. *Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1238 (11th Cir. 2016). For whatever reason, the assignment clause at issue here is limited in scope. *Compare In re Revlimid & Thalomid Purchaser Antitrust Litig.*, No. CV 19-7532, 2024 WL 2861865, at *28 (D.N.J. June 6, 2024) (finding assignment clauses that did *not* limit the assignment to specific causes of action granted "broad legal rights."), *with Series 15-09-321 v. Farmers Ins. Exch., et al.*, Case No. 2:23-cv-08684-KK-AS (C.D. Cal. Sept. 23, 2024) [ECF No. 72] (dismissing counts for fraud and declaratory judgment relief in an MSP action pursuant to a nearly identical assignment clause as the instant action).

Plaintiff argued at the December 17, 2024, hearing that the court need not interpret the terms of the Assignment Agreement at the motion to dismiss stage. The undersigned agrees to the extent that Courts should not attempt to resolve *ambiguous* contract terms at this stage. *See Briscoe v. Transamerica Premier Life Ins. Co.*, No. 23-CV-81577, 2024 WL 4381984, at *4 (S.D. Fla. Mar. 14, 2024). At least one court has found as such in an MSP Action. *See MSP Recovery Claims, Series LLC v. Pfizer, Inc.*, 728 F. Supp. 3d 89, 102 (D.D.C. 2024) ("The interpretation of

---

[3] Without reaching the merits of Count V seeking declaratory relief, Plaintiff is reminded that courts in this district have dismissed declaratory judgment counts that are duplicative of private causes of action under 42 U.S.C. § 1395y(b)(3)(A). *See MSP Recovery Claims, Series LLC v. Am. Family Connect Prop. & Cas. Ins. Co.*, No. 23-CV-20105, 2023 WL 2536444, at *5 (S.D. Fla. Mar. 16, 2023) ("The Court agrees with Defendant that Count III serves no useful purpose because the issues raised therein will be fully resolved by Count I. In such circumstances, dismissal of the duplicative declaratory judgment count is appropriate."); *MSPA Claims 1, LLC v. Liberty Mut. Ins.*, No. 15-cv-21417, 2015 WL 4511284, at *3 (S.D. Fla. July 22, 2015) (dismissing a duplicative count for declaratory judgment in an MSP case).

ambiguous contract language presents question[s] of fact that the Court need not resolve on a motion to dismiss under Rule 12(b)(1)."). However, while Plaintiff classifies the terms of the contract as "express" terms that confer certain rights upon it, it provides no factual or legal support for any alleged ambiguity. [ECF No.135 at 6]. Plaintiff has made no compelling argument that the terms of the Assignment Agreement are ambiguous, and the Court will not make Plaintiff's argument for it. *See Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("[D]istrict courts cannot concoct . . . arguments neither made nor advanced by the parties.") Therefore, Counts IV and V should be dismissed for lack of standing.

As before, these two counts should be dismissed without prejudice. "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, 212 F. Supp. 3d 1250, 1255–56 (S.D. Fla. 2016) (quoting *Stalley ex rel. U.S.*, 524 F.3d at 1232). *See also MSP Recovery Claims, Series LLC v. QBE Holdings*, 965 F.3d 1210 (11th Cir. 2020) (vacating district court order dismissing similar claim with prejudice and directing that the dismissal be entered without prejudice). As such, the Court cannot reach the merits of these claims. "In the absence of Article III standing, the district court lacked jurisdiction to resolve MSPRC's claims on the merits." *MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.*, 974 F.3d 1305, 1316 (11th Cir. 2020) (citing *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019)). However, the Court notes that the Plaintiff will be hard-pressed to amend the SAC to include additional allegations of standing. Plaintiff has amended its complaint three times and has provided no indication that any additional allegations of standing can be presented to remedy the defects discussed in the instant report as to Counts IV and V. The parties should proceed with the merits of the surviving claims.

**III.    Plaintiff Allegations Are Sufficient to Allege Claims Under the MSP Act (Counts I and II)**

11

As explained, the MSP Act's "private cause of action permits an award of double damages when a primary plan fails to provide for primary payment or appropriate reimbursement." *Humana Med. Plan, Inc.*, 832 F.3d at 1239 (citing 42 U.S.C. § 1395y(b)(3)(A)). The Eleventh Circuit "has distilled the § 1395y(b)(3)(A) private cause of action into three elements. A plaintiff must plead: '(1) the defendant's status as a primary plan; (2) the defendant's failure to provide for primary payment or appropriate reimbursement; and (3) the damages amount.'" *MSP Recovery Claims, Series LLC v. Metropolitan Gen. Ins. Co.*, 40 F.4th 1295, 1302 (11th Cir. 2022) (quoting *Humana*, 832 F.3d at 1239).

First, Defendant argues that the SAC fails to allege facts that show Defendant "fail[ed] to provide for primary payment (or appropriate reimbursement) in accordance with paragraph (1) and (2)(A)," pursuant to 42 U.S.C. § 1395y(b)(3). Plaintiff argues that Medicare "pays in the dark," automatically rendering Defendant a primary payer if a conditional payment was made by Medicare when it was unaware of other coverage. [ECF No.135 at 8]. When an MAO receives a claim, it has thirty days to pay or risk being penalized, pursuant to 42 C.F.R. § 422.520(a)(2). Within those thirty days, it is "an entirely realistic assumption" the "MAO doesn't know that a primary plan exists" and instead "pays . . . in the dark." *MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.*, 950 F.3d 764, 775 (11th Cir. 2020) (internal citation omitted).

Defendant also argues that Plaintiff fails to allege that it received bills it was supposed to pay and did not, which the Assignor thereafter paid and had any knowledge the MAO paid any bill as to the 297 claims. [ECF No.130 at 12–13]. In response, Plaintiff cites to *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 690 (11th Cir. 2003), which it argues established that "either knowledge

12

or constructive knowledge is sufficient."[4] *See ACE Am. Ins. Co.*, 974 F.3d at 1319 (reversing dismissals because "Plaintiffs have plausibly alleged Defendants' actual or constructive knowledge" that "they owed the primary payments," and concluding that allegations of the defendants' Section 111 reporting established such knowledge). For each of the 297 claims, Plaintiff argues that its allegation that Defendant made Section 111 reports is sufficient to establish constructive knowledge that the Assignor made conditional payments. [ECF No. 135 at 9].

Plaintiff has alleged sufficient facts to establish a claim for failure to provide appropriate reimbursement under 42 U.S.C. § 1395y(b)(3)(A)). As to the eight exemplar claims (K.H., M.C., R.P., J.S., P.K., R.H., C.W., and N.G.), Plaintiff alleges that (1) the Assignor made conditional payments to address injuries caused by an accident; (2) Defendant was a primary payer with respect to these accidents; (3) Defendant had a responsibility to pay or reimburse the Assignor's conditional payments; and (4) Defendant did not reimburse the Assignor, causing the Assignor to sustain damages. [ECF No. 127 ¶ 89]. With respect to the 289 claims attached to Exhibit A, Plaintiff states that:

> (1) State Farm reported its primary payer responsibility to CMS under a contractual obligation or because it settled a claim with Plaintiff's MAO Assignor's beneficiary; (2) the Medicare beneficiary underwent treatment for injuries that were reasonably related and necessary as a result of the accident or incident that was either covered by the Defendants or where the Defendant settled those exact claims and injuries with the Medicare Beneficiary; (3) Plaintiff's MAO Assignor paid for the accident-related treatments that were reasonable, related and necessary as a result of the very accidents or incidents and State Farm, as a primary payer, failed to pay or reimburse the full amount owed to Plaintiff's MAO Assignor and/or Plaintiff as its assignee; (4) Plaintiff sent a demand letter to State Farm seeking

---

[4] The Court notes that "*Baxter* ... rel[ies] on *Conley v. Gibson*, 355 U.S. 41 (1957), in rendering the pleading standard under Federal Rule of Civil Procedure 8(a)." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, No. 1:17-CV-1537, 2019 WL 6311987, at *6 (C.D. Ill. Nov. 25, 2019), *aff'd,* 994 F.3d 869 (7th Cir. 2021). "*Conley* was abrogated by *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 560–63 (2007)." *Id. See Bates v. Yellen*, No. 21-60976-CIV, 2023 WL 11845429, at *2 (S.D. Fla. Mar. 7, 2023), *appeal dismissed sub nom. Bates v. Sec'y, U.S. Dep't of the Treasury*, No. 24-12191-D, 2024 WL 4490189 (11th Cir. Aug. 19, 2024) (finding same).

13

> reimbursement; (5) Plaintiff sent a Settlement Communication Offer Letter to State Farm with an itemized bill detailing the medical expenses incurred by the MAO Assignor in a second attempt to collect payment; and (6) State Farm failed to pay or reimburse Plaintiff or Plaintiff's MAO Assignor.

[ECF No. 127 ¶ 58].

These allegations are sufficient to state a claim. "While Plaintiff will certainly 'need to later present evidence in support of th[ose] allegation[s],' Plaintiff's allegations regarding Defendant's primary payer status are sufficient at this motion to dismiss stage." *MSP Recovery Claims, Series LLC v. Am. Family Connect Prop. & Cas. Ins. Co.*, No. 23-CV-20105, 2023 WL 2536444, at *3 (S.D. Fla. Mar. 16, 2023) (quoting *Metropolitan Gen. Ins. Co.*, 40 F.4th at 1304). *See also MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1362–63 (11th Cir. 2016) ("[A] plaintiff suing a primary plan under the private cause of action in the MSP Act may satisfy the demonstrated responsibility prerequisite by alleging the existence of a contractual obligation to pay."); *United Auto. Ins. Co.*, 2021 WL 720339, at *6 (finding Plaintiff has alleged facts sufficient to state a claim under the MSP Act's private right of action, 42 U.S.C. section 1395y(b)(3)(A) based on similar allegations); *MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.*, No. 217CV02522CASPLAX, 2018 WL 2106467, at *10–11 (C.D. Cal. May 7, 2018) (finding same). The undersigned also finds that the SAC adequately pleads knowledge for a private cause of action under the MSP Act. *See MSPA Claim I, LLC v. Nat'l Fire Ins. Co. of Hartford*, No. 16-20531-CIV, 2016 WL 11221049, at *6 (S.D. Fla. Sept. 26, 2016), *report and recommendation adopted sub nom. MSPA Claim I, LLC. v. Nat'l Fire Ins. Co. of Hartford*, No. 16-20531-CIV, 2016 WL 10706272 (S.D. Fla. Dec. 6, 2016) (finding same). Accordingly, Defendant's Motion to Dismiss should be denied as to Counts I and II.

### IV. Plaintiff Allegations Are Sufficient to Allege a Claim for Breach of Contract (Count III)

As to Count III, Defendant argues that Plaintiff failed to allege facts supporting the conclusion that the Assignor is subrogated the right to recover from State Farm and alludes to an alleged requirement to attach these agreements to the complaint. [ECF No. 130 at 15]. According to the SAC, the assignor "is subrogated to the right to recover from State Farm, in all instances in which State Farm is a primary plan, for State Farm's failure to make primary payment or reimbursement to the MAO Assignor for accident-related medical expenses." [ECF No. 127 ¶ 150]. In sum, it alleges that the MAO Assignor paid for its beneficiaries' accident-related medical expenses, Defendant failed or refused to make primary payments of no-fault insurance benefits or medical payment benefits, and that this failure to make timely reimbursements caused the MAO Assignor damages. [*Id.* ¶¶151–154].

Plaintiff has adequately alleged Count III. "The Court is unconvinced Plaintiff must plead its claim (and attach all contracts) with the level of particularity demanded by Defendant." *United Auto. Ins. Co.*, 2021 WL 720339, at *6. *See MSPA Claims 1, LLC v. Allstate Ins. Co.*, No. 17-CV-01340, 2019 WL 4305519, at *6 (N.D. Ill. Sept. 11, 2019) (rejecting the defendant's claim that the plaintiff must show (at the pleading stage) that the enrollees expressly transferred their rights to sue the defendant for breach of contract to the plaintiff and stating "based on the valid assignment of rights from the MAOs to [the p]laintiff, it naturally follows that [the p]laintiff may assert the same right of subrogation as the MAOs." (alterations added; collecting cases)). Therefore, the Motion is denied as to Count III.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion to Dismiss [ECF No. 130] be **GRANTED in part and DENIED in part** as follows:

15

1. The Motion is **DENIED** as to Counts I–III. Defendant shall file an **ANSWER** to Plaintiff's Second Amended Complaint by the deadline set by Judge Williams.

2. The Motion is **GRANTED** as to Counts IV and V **WITHOUT PREJUDICE**.

Objections to this Report may be filed with the District Judge within **TEN** (10) days[5] of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 8th day of January 2025.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **U.S. District Judge Kathleen M. Williams; and**

   **All Counsel of Record**

---

[5] A shortened objection period is warranted given the approaching discovery cutoff (January 17, 2025) and mediation (February 4, 2025) deadlines.