UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-CV-22982-WILLIAMS/REID

SERIES 15-09-321, a Delaware entity,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____

## ORDER ON MOTION TO COMPEL DISCOVERY

This matter is before the Court upon Plaintiff Series 15-09-321's Motion to Compel production to Requests for Production Nos. 7, 8, 9, 10 and 11 and responses to Interrogatory Nos. 15, 16, and 17. [ECF No. 147]. The Court heard argument from counsel at the January 10, 2025, Discovery Hearing, reviewed the parties' Discovery Hearing Notices [ECF Nos. 142, 143], and considered all relevant authorities. For the reasons addressed below, it is **ORDERED** that the Motion [ECF No. 147] is **DENIED**.

Plaintiff seeks to compel Defendant State Farm Mutual Automobile Insurance Company ("State Farm") to produce "*[a]ll* claims or medical bills that identify MSP's Assignor for which State Farm has not reimbursed MSP or its Assignor (Req. for Prod, Nos. 7, 8, 9, 10; Interrogatory Nos. 15, 16, 17)" and "[d]ata containing demographic information of *all* claims made to State Farm. (Req. for Prod. No. 11)." [ECF No. 142 (emphasis added)]. Defendant confirmed that it has already completed its production as to all 297 claims alleged in the Second Amended Complaint.

Further, at the January 10, 2025, Discovery Hearing, Plaintiff proposed that the Court order the parties to engage in "data matching" for *all* potential claims made to State Farm, not just the 297 claims pled in the Second Amended Complaint.

As background, on January 8, 2025, the undersigned recommended that the District Judge grant in part and deny in part Defendant's Motion to Dismiss, finding that the allegations in the Second Amended Complaint were sufficient to avoid dismissal as to the 297 alleged claims as they relate to Counts I–III. [ECF No. 144]. On standing, the Court also found that, "[t]his conclusion does not apply to any unpled 'potentially unreimbursed claims' identified in the SAC." [*Id.* n.2]. The report also recommended dismissing Plaintiff's requested declaratory relief (Count V) seeking an accounting and a compelled exchange of claims data because such relief went beyond the assignment to Plaintiff. [*Id.* at 8].

Under Rule 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 n.37 (11th Cir. 1997) ("The scope of allowable discovery is determined by the claims (and defenses) raised in the case."). While Rule 26 prescribes a process broad in scope, "the discovery rules do not permit the [parties] to go on a fishing expedition." *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006).

Plaintiff now seeks discovery over potential claims that go beyond the scope of Rule 26. As in *MSP Recovery Claims, Series LLC v. Tower Hill Prime Ins. Co.,* Plaintiff argues that, because it has alleged entitlement to reimbursement as to certain underlying claims, it is entitled to discovery as to *all potential* underlying claims. 2022 WL 1624811, at *1 (N.D. Fla. Apr. 19, 2022). But Plaintiff cannot use its 297 existing claims to obtain discovery concerning thousands of potential claims that are not pled in its SAC and for which it lacks standing to assert. *See MSP*

2

*Recovery Claims, Series LLC v. MGA Ins. Co.*, 2020 WL 7974267 (S.D. Fla. Dec. 28, 2020) (denying motion to expand discovery beyond exemplar claims in complaint because such discovery would be burdensome and expensive for defendant and because "[i]f the action is limited to the two individuals named in the complaint, then Plaintiff should be entitled to discovery relevant to those two claims as opposed to all No Fault claims"). Indeed, Eleventh Circuit has explained that the court "has the authority to confine discovery to the claims and defenses asserted in the pleadings' and 'the parties [ ] have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'" *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (quoting Fed. R. Civ. P. 26 advisory committee's note to 2000 amendment). Plaintiff's supporting case law does not speak directly to the issue at hand: compelled data matching (or sharing) between the parties. Nothing in the MSP Act supersedes Rule 26 and this circuit's binding case law governing the scope of discovery. *See Porter*, 461 F.3d at 1324; *Liese*, 701 F.3d at 355. Therefore, the Motion to Compel [ECF No. 147] is **DENIED**.

**DONE AND ORDERED** this 16th day of January 2025.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Kathleen M. Williams; and**

**All Counsel of Record**